UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND KORNEGAY,

                Petitioner,

      -against-

WARDEN JOHN/JANE DOE,

                Respondent.

23-CV-4756 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at FCI Gilmer in Glenville, West Virginia, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, challenging his detention and seeking release. For the following reasons, this petition is transferred to the United States District Court for the Northern District of West Virginia.

      In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at FCI Gilmer, which is located in the judicial district of the United States District Court for Northern District of West Virginia. Therefore, in the interest of justice, this Court transfers this petition to the Northern District of West Virginia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

      The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of West Virginia. Whether Petitioner should be permitted to proceed

further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 8, 2023
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge